UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., | No. 2:13-cv-1174-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| NORCAL ELITE GYMNASTICS, LLC, et al., | |
| Defendants. | |

On October 3, 2013, plaintiff Crossfit Inc. ("plaintiff") filed a document styled as a Motion for Default Judgment as to defendants Norcal Elite Gymnastics, LLC, Judy Wait, and Daniel Wait (collectively, "defendants").[1] (ECF No. 8.) However, the court's docket reveals that plaintiff did not seek, and thus the Clerk of Court did not enter, a Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) prior to the filing of the pending motion for default judgment. Accordingly, the undersigned denies plaintiff's motion for default judgment.

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> (a) Entering a Default. When a party against whom a judgment for

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(19), which refers motions for entry of default judgment to the magistrate judge.

1

>affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
>(b) Entering a Default Judgment.
>
>(1) By the Clerk.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
>(2) By the Court.  In all other cases, the party must apply to the court for a default judgment. . . .

Fed. R. Civ. P. 55(a)-(b). As the Ninth Circuit Court of Appeals has clarified, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("[Plaintiff] apparently fails to understand the two-step process required by Rule 55."); accord Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment); see also Norman v. Small, No. 09cv2235 WQH, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (unpublished) (denying plaintiff's motion for default judgment because the clerk had not yet entered a default); Cramer v. Target Corp., No. 1:08-cv-01693-OWW-SKO, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010) (unpublished) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment."); Bach v. Mason, 190 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk.  Since plaintiffs' motion for entry of default judgment is improper, it is denied."), aff'd, 3 Fed. Appx. 656 (9th Cir. 2001), cert. denied, 534 U.S. 1083 (2002).

   Here, prior to moving for entry of default judgment, plaintiff failed to seek a Clerk's Entry of Default for each named defendant.  Plaintiff did not request or obtain a Clerk's Entry of Default from the Clerk of Court upon a showing by affidavit or otherwise that each defendant improperly failed to plead or otherwise defend themselves.  Accordingly, plaintiff's motion for default judgment is premature, and because it is not properly before the undersigned, the motion

1 is denied without prejudice.

2   Further, the undersigned notes that plaintiff's briefing indicates that the defendants may intend to dispute the propriety with which they were served with process. (ECF No. 8-1 at 1-2, 4-6.)  While the undersigned does not resolve any "service of process" issues given the prematurity of plaintiff's motion, entry of default judgment requires proper service of process.  See Patrick v. Saxon Mortg., Inc., 456 Fed. Appx. 697, 698, 2011 WL 5148587, at *1 (9th Cir. 2011) (unpublished) ("The district court did not abuse its discretion by denying [plaintiff's] motion for default judgment because [plaintiff] never properly served the summons and complaint on defendant.") (citing Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly" under Federal Rule of Civil Procedure 4)).[2]

  Accordingly, should plaintiff endeavor to re-file its motion after obtaining the requisite Clerk's Entry (or Entries) of Default, plaintiff's briefing should thoroughly address the factual and legal aspects of the service of process that allegedly occurred in this case.  Plaintiff's renewed moving papers must thoroughly address the propriety of the service of process that it claims to have effectuated upon defendants.  Plaintiff shall include the factual and legal bases under which it alleges that service was properly effectuated, and must include citations to the legal authorities permitting such service.  Plaintiff shall specify the precise rule(s) providing for the method of service allegedly completed, including the applicable subsection(s) of the rule, rather than reliance on general principles or broad citations to "Federal Rule of Civil Procedure 4."  Such discussion shall bear the heading: "Service of Process: Factual Background And Legal Authority Pursuant To Which Service Was Proper."  ***Failure to include a detailed discussion of the factual and legal bases for the assertion that service of process was properly completed will result in summary denial of the motion.***

////

---

[2] Although Patrick is an unpublished decision and thus only of persuasive value, it is cited herein pursuant to Ninth Circuit Rule 36-3, which provides that "[u]npublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1."

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (ECF No. 8) is denied without prejudice, and the associated hearing date of November 7, 2013, is hereby vacated.

2. If plaintiff re-files a motion for default judgment after obtaining the requisite Clerk's Entry (or Entries) of Default, plaintiff's briefing should thoroughly address the factual and legal aspects of the service of process that allegedly occurred in this case. Plaintiff's renewed moving papers must thoroughly address the propriety of the service of process that it claims to have effectuated upon defendants.  Plaintiff shall include the factual and legal bases under which it alleges that service was properly effectuated, and must include citations to the legal authorities permitting such service. Plaintiff shall specify the precise rule(s) providing for the method of service allegedly completed, including the applicable subsection(s) of the rule, rather than reliance on general principles or broad citations to "Federal Rule of Civil Procedure 4."  Such discussion shall bear the heading: "Service of Process: Factual Background And Legal Authority Pursuant To Which Service Was Proper."  ***Failure to include a detailed discussion of the factual and legal bases for the assertion that service of process was properly completed will result in summary denial of the motion.***

IT IS SO ORDERED.

Dated:  October 22, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4