UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC., | No. 2:13-CV-1174 KJM KJN |
| Plaintiff, | |
| v. | ORDER |
| NORCAL ELITE GYMNASTICS, LLC, a California Limited Liability Company, JUDY WAIT, an individual, DANIEL WAIT, an individual, and DOES 1-25, | |
| Defendants. | |

This court, having read and considered the JOINT MOTION FOR ENTRY OF PERMANENT INJUNCTION AND DISMISSAL OF CASE filed by plaintiff CrossFit, Inc. ("CrossFit" or "Plaintiff") and NorCal Elite Gymnastics, LLC, a California Limited Liability Company, Judy Wait, an individual, and Daniel Wait, an individual ("Defendants"), and for good cause shown, makes the following findings of fact and conclusions of law:

    A.    Plaintiff filed suit against Defendants, alleging that Defendants violated CrossFit's rights under 15 U.S.C. §§ 1114, 1125(a), (c), and (d) ("Suit"); and

    B.    The Parties entered into a settlement agreement in November 2013 ("Settlement Agreement"), which requires entry of the stipulated Permanent Injunction set forth herein and the dismissal of the case.

1

Based on the foregoing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. For the purposes of binding preclusive effect on Defendants as to future disputes with respect to the Suit or Settlement Agreement between Defendants on the one hand and CrossFit on the other hand, and only for such purposes, Defendants admit the following:

    a. CrossFit is now, and has been at all times since the dates of issuance, the owner of United States Trademark Registration Nos. 3,007,458; 3,826,111; 4,049,689; 4,053,443; and 4,122,681 (the "Marks") and of all rights thereto and thereunder.

    b. Defendants, by their actions described in the complaint, have infringed upon CrossFit's Marks.

2. Defendants, and those in active concert with them, including the parties themselves, their owners, shareholders, principals, officers, agents, servants, employees, attorneys, independent contractors, and partners, are permanently enjoined from using the term "CrossFit" and confusingly similar terms (collectively, the "Injunction"). Confusingly similar terms shall include without limitation "CrossFitness" and "XFIT," and variations thereof. The term "cross training" shall not constitute a confusingly similar term.

3. Defendants are bound by the Injunction regardless of whether CrossFit assigns or licenses its intellectual property rights to another for so long as such trademark rights are subsisting. The Injunction inures to the benefit of CrossFit's successors, assignees, and licensees.

4. This court shall retain jurisdiction over all disputes between and among the Parties arising out of the Settlement Agreement and Injunction, including but not limited to interpretation and enforcement of the terms of the Settlement Agreement.

5. The Parties waive any rights to appeal this order, including without limitation the Injunction.

6. All dates in the case are vacated and the case is dismissed.

IT IS SO ORDERED.

DATED: January 8, 2014,

UNITED STATES DISTRICT JUDGE